

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 31, 2022

**BY ECF**

Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Adam Justin Banfill,* **21 Cr. 468 (VM)**

Dear Judge Marrero,

      The Government respectfully submits this letter in advance of the April 7, 2023 sentencing of defendant Adam Justin Banfill. For the reasons set forth below, the Government submits that a sentence within the Guidelines range of 21 to 27 months' imprisonment would be sufficient but not greater than necessary to serve the purposes of sentencing.

    **I.**    **Background**

        **A.**  **Offense Conduct**

      From around June 2020 to in or about June 2021, the defendant sent threatening, harassing, and intimidating messages to a cable news contributor (the "Victim"). During this period, the defendant sent more than 1,100 messages using the "Contact" form on the Victim's personal website. (PSR ¶ 7.)

      The messages were often times vile and sometimes profane, and caused the Victim great distress. For example, in one message the defendant stated "I'll go to New York."[1] (PSR ¶ 8(b).) In another email, he promised to see her in August and promised to "put something where it doesn't belong," a lewd and suggestive reference. (PSR ¶ 8(e).) In other disturbing emails, the defendant told the Victim that he would "smash" her sister's face, that he "could have the meat peeled from [her] fucking bones", and that he would blow through [he]r like . . . a fucking rag doll." (PSR ¶¶ 8(f), (l) and (m).) In another ominous email, the defendant warned the Victim to "stay close to

---

[1] It is public knowledge that the Victim works in New York.

Hon. Victor Marrero
March 31, 2023

your husband, and don't let anything harm you." (PSR ¶ 8(r).) These messages caused great fear in the Victim as evidenced in her Victim Impact Statement. (PSR ¶ 13.)

### B. Procedural History and Guilty Plea

The defendant was arrested and detained on June 23, 2021, based on a complaint charging him with two counts, one count of threatening interstate communications in violation of 18 U.S.C. §§ 875(c) and 2, and one count of cyberstalking in violation of 18 U.S.C. §§ 2261A(2)(A), 2261A(2)(B), and 2 (ECF No. 1). An indictment (the "Indictment") was returned on July 21, 2021, charging the defendant with the same two counts. (ECF No. 6).

On January 6, 2023, the defendant pled guilty to Count One of the Indictment pursuant to a plea agreement (the "Plea Agreement"). In the Plea Agreement, the parties stipulated that the applicable Adjusted Offense Level is 12 and the defendant's Criminal History Category is IV, which results in a Guidelines range of 21 to 27 months' imprisonment (the "Guidelines Range").

On March 29, 2023, the Probation Office issued the final PSR, which also calculates that the Adjusted Offense Level is 12 and the defendant's Criminal History Category is IV, which results in a Guidelines range of 21 to 27 months' imprisonment. (PSR ¶ 66.) The Probation Office recommends a Guidelines sentence of 21 months' imprisonment and three years' supervised release. (PSR p. 24.)

## II. Discussion

### A. Applicable Law

Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Gall v. United States*, 552 U.S. 38, 46, 49 (2007). After calculating the Guidelines, the district court must consider the seven factors outlined in 18 U.S.C. § 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims."

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and

3

Hon. Victor Marrero
March 31, 2023

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

"In the ordinary case, the [U.S. Sentencing] Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007); *see also United States v. Bryant*, 976 F.3d 165, 181 (2d Cir. 2020) ("In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." (quoting *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006))).

### III. A Sentence Within the Guidelines Range Is Appropriate In This Case

A sentence within the 21 to 27 month Guidelines Range is most appropriate in this case. First, a Guideline sentence would reflect the nature and seriousness of the defendant's conduct. *See* 18 U.S.C. §§ 3553(a)(1), (2)(A). The defendant's conduct was deeply disturbing; he caused the Victim and her family great fear and angst.

Next, there is a pressing need to protect the public from the defendant, promote respect for the law, and deter the defendant and others who wish to engage in similar conduct. *See* 18 U.S.C. §§ 3553(a)(2)(A), (B), (C). The defendant has continued engaging in serious criminal conduct despite his prior terms of incarceration. The defendant was not deterred by the twenty-month prison term for his kidnapping conviction. (PSR ¶ 30.) Nor was he deterred by his four other convictions for aggravated assault, criminal sexual conduct, larceny, and a sex offender residency violation, among other things. (PSR ¶¶ 31-34.) The defendant's continued lack of respect for the law is evident in his multiple convictions, including the instant offense. Thus, a sentence within the Guidelines Range would signal to the defendant and others that engaging in criminal conduct will carry significant consequences.

The defense submission seeks a 21-month sentence in light of, among other things, the defendant's struggles with substance abuse and mental health, his remorse for his conduct, and the conditions of confinement at the MDC Brooklyn. The Court may of course consider these factors in fashioning an appropriate sentence. The Government respectfully submits, a sentence within the Guidelines Range is necessary to account for the stress and anxiety that the defendant's actions caused the victim and her family. A Guideline sentence would adequately account for the defendant's challenging life circumstances while properly accounting for the seriousness of this offense.

Hon. Victor Marrero
March 31, 2023

4

### A. Conclusion

For the reasons set forth above, the Government respectfully submits that a sentence within the Guidelines range of 21 to 27 months would be sufficient but not greater than is necessary to achieve the goals of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: *Camille Fletcher*
Camille L. Fletcher
Assistant United States Attorney
Southern District of New York
(212) 637-2383

cc: Andrew Dalack, Esq. (via ECF)